Selma STEINER, Plaintiff,

v.

TWENTIETH CENTURY–FOX FILM CORPORATION et al.,
Defendants.

Civ. No. 12944.

United States District Court
S. D. California, Central Division.

July 22, 1953.

Schwartz & Alschuler and Bernard Reich, Beverly Hills, Cal., for plaintiffs.

Newlin, Holley, Tackabury & Johnston, Los Angeles, Cal., for all defendant Theatre Corporations.

Bromley, Ritter & Lindersmith, Los Angeles, Cal., for defendants Hansen.

HALL, District Judge.

■ The plaintiff has filed a motion for an order modifying the order heretofore granting the motion to dismiss as to the defendants Twentieth Century-Fox Film Corporation, Fox West Coast Theatres Corporation, Avenue Fifty-Eight and Pasadena Corporation, and National Theatres Corporation, and for leave to amend the plaintiff's amended and supplemental complaint. The judgment granting the motion to dismiss having been made and entered on July 13, 1953, the within motion will be considered as a motion to vacate the judgment concerning the matters touched on by the motion.

The motion is to exclude from the judgment of dismissal the National Theatres Corporation, and also a motion to amend the complaint by alleging that on September 27, 1952 the said defendant National Theatres Corporation commenced to do business in the State of California.

Both motions are denied.

■ Under Rule 15(a), Fed.Rules Civ. Proc. 28 U.S.C.A., a plaintiff may amend his complaint before answer or responsive pleading at least once as a matter of course. Other amendments require an order of court before being permitted. The plaintiff has heretofore filed an amended complaint, and hence the proposed amendment can only be made upon order of court.

I do not see how the proposed amendment to the complaint could change or alter the judgment granting the dismissal as to National Theatres Corporation. The heart of plaintiff's complaint consists of the allegations contained in paragraphs IX, X, XI and XII. In paragraph X it is alleged that "*defendants since at least* 1935 have," etc., been engaged in a conspiracy. If National Theatres engaged in the acts constituting the alleged conspiracy since 1935, all of which are alleged to have occurred in the State of California, then it was certainly doing business in the State of California sufficient to make it responsive to process of the courts of California, and this is true whether it was done directly by National Theatres Corporation or acting through its agents, the

other members of the alleged conspiracy. Squarely in point is the Ninth Circuit case of Giusti v. Pyrotechnic Industries, 156 F.2d 351, certiorari denied Triumph Explosives v. Giusti, 329 U.S. 787, 67 S. Ct. 355, 91 L.Ed. 675.

■ The allegation of the proposed amendment to the complaint that National Theatres Corporation commenced to do business in the State of California on September 27, 1952 is entirely inconsistent with the allegations contained in paragraphs X, XI, XII and XIII. Inconsistent allegations can be made in *separate* claims or defenses under F.R.C.P. 8(e) (2); but no authority is known to the undersigned which permits blowing hot and cold in the same cause of action, as attempted by the proposed amendment.

■ An additional reason for denying the amendment and denying the motion to modify the judgment is found in the fact that the plaintiff's cause of action, if one ever existed, accrued in March 1938, as indicated in the order filed May 4, 1953.[1] That being the case the National Theatres Corporation *if* it did not commence to do business until September 27, 1952 in the State of California, can not be held liable in damages for a cause of action which had accrued 15 years previously. Either National Theatres Corporation was doing business in the State of California from 1935 until May 1938 or it wasn't. If it was then the statute of limitations ran against any claim against it as indicated by the previous memorandum in this case. If it wasn't doing business during that period and did not commence to do business in the State of California until September 27, 1952, then the proposed amendment does not state a cause of action under F.R.C.P. rule 8.

The motion to modify the judgment of dismissal and to file the amendment to the complaint is denied.

**I.** Order Granting Motion to Dismiss.

The defendants' motion to dismiss the amended and supplemental complaint is granted on the ground that the applicable statute of limitations, namely, the California-three-year statute of limitations, bars plaintiff's cause of action.

The last overt act upon which the plaintiff's cause of action for damages can rest was, in my opinion, the modification and extension of the Larchmont Threatre lease in March, 1938; Park-In Threatres v. Paramount-Richards Theatres, D.C.Del., 90 F.Supp. 727; Northern Kentucky Telephone Co. v. Southern Bell Telephone & Telegraph Co., 6 Cir., 73 F.2d 333, 97 A.L.R. 133; Pastor v. American Telephone & Telegraph Co., D.C.S.D.N.Y., 76 F.Supp. 781.

The closing of the Larchmont Theatre on November 17, 1952, was not, in my judgment, an overt act occasioning damage to the plaintiff which could be used as the basis of the commencement for the running of the statute of limitations. I cannot see in any of the cases cited by the plaintiff how there is an obligation on the part of the lessee to continue a business, especially in a lease on a monthly rental basis where no percentage arrangement is involved. It does not appear that the defendants or any of them failed to pay the monthly rental for the remainder of the term of the lease.

An examination of the available records and those cited by counsel in their briefs of the so-called "Paramount case" fails to disclose that the alleged acts set forth in the plaintiff's complaint were any portion of the matters complained of by the government in United States v. Paramount Pictures, 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260.

As to National Theatres Corporation, the plaintiff is bound by the allegation in the complaint that at all times mentioned in the complaint the National Theatres Corporation maintained a place of business at 1609 West Washington Boulevard in Los Angeles and was engaged in the business of exhibiting motion pictures in California.

The motion of 20th Century-Fox Film Corporation, National Theatres Corporation, Fox-West Coast Theatres Corporation and Avenue Fifty-eight and Pasadena Corporation to dismiss is granted without leave to amend, and defendants' counsel will prepare a judgment of dismissal.

In view of the fact that the motion to dismiss is granted for the reason that the statute of limitations has run, it is unnecessary to consider the motion for summary judgment.