**E. B. DE GOLIA, Plaintiff,**

v.

**TWENTIETH CENTURY–FOX FILM CORPORATION et al., Defendants.**

**No. 32514.**

United States District Court
N. D. California, S. D.
Sept. 9, 1953.
Motion to Vacate Denied
April 12, 1954.

Morrison, Hohfeld, Foerster, Shuman & Clark, San Francisco, Cal., for plaintiff.

Lansburgh, Hoffman, Arnold & Schiller, San Francisco, Cal., for RKO-Keith Orpheum & RKO Theatres.

Dunne, Dunne & Phelps, San Francisco, Cal., for Westco, Fox West Coast & West Coast Leasing, Twentieth Century-Fox, and Twentieth Century-Fox Film.

Pillsbury, Madison & Sutro, San Francisco, Cal., for United Artists, Columbia Pictures, and Paramount Pictures.

EDWARD P. MURPHY, District Judge.

Defendants RKO Pictures Corporation and Radio-Keith-Orpheum Corporation (hereinafter defendants) have each filed motions to dismiss the complaint as to them and to quash the purported service of process. These motions have argued and submitted.

The defendants base their motions on the contention that they are not inhabitants of California, nor are or ever have been transacting business in this State. Plaintiff, on the other hand, while admitting that defendants are not inhabitants of California nor are authorized to do business here personally, alleges that defendants do business in this State through the agency of their local co-conspirators. If the conspiracy is established, defendants are doing business in this State. Giusti v. Pyrotechnic Industries, 9 Cir., 1946, 156 F.2d 351. If defendants are doing business in California, they may be sued here even though they have not complied with the laws respecting designation of an agent for process, and they may be served wherever found for purposes of an antitrust action. California Corp. Code, § 6501; Clayton Act, § 12, 15 U.S.C.A. § 22.

As defendants' participation in the conspiracy, if any, cannot be ascertained before trial, and as such participation will determine whether defendants are doing business in this State, the plaintiff's complaint will not be dismissed nor process quashed at this stage. Should a trial of the issues fail to establish defendants' participation in the alleged conspiracy, defendants may apply for appropriate relief.

So ordered.

### On Motions to Vacate.

Defendants Radio-Keith-Orpheum Corporation (dissolved) and RKO Pictures Corporation have moved this Court to vacate its order dated September 9, 1953, and to grant said defendants' motions previously filed on May 4, 1953, to dismiss for improper venue and to quash purported service of process. The motions have been briefed, argued and submitted.

Defendants rely upon the case of Bankers Life & Casualty Co. v. Holland, 1953, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106 decided by the United States Supreme Court in November of 1953. In that case both the Opinion of the Court and the Dissent express views which appear to be inconsistent with the holding in Giusti v. Pyrotechnic Industries, 9 Cir., 1946, 156 F.2d 351 upon which this Court relied in arriving at its order. But however unequivocally the views of the Su-

preme Court Justices may have been expressed, such expressions were, as even defendants concede, pure dicta. In the Holland case, the writ of certiorari was limited to an adjudication of whether mandamus was an appropriate remedy to vacate an order of severance and transfer. 345 U.S. 933, 73 S.Ct. 796, 97 L.Ed. 1361. The Supreme Court did not have before it and did not make a binding determination of the question whether it is proper to hold a defendant to answer for his actions where he is alleged to be doing business in this State through the agency of his co-conspirators. Until Giusti is overruled, that case establishes the law of this Circuit.

Defendants' motions will be denied.

So ordered.