The objections by the United States to intervenor's interrogatories 16, 17, 18 and 19, are sustained.

The STATE OF CALIFORNIA et al., Plaintiffs,

v.

BRUNSWICK COMPANY et al., etc., Defendants.

No. 39352.

United States District Court
N. D. California, S. D.
July 11, 1961.

Wallace Howland, San Francisco, Cal., for plaintiff.

Brobeck Phleger & Harrison, San Francisco, Cal., for Brunswick.

Chickering & Gregory, San Francisco, Cal., for Safway Steel.

Wallace Garrison, Norton & Ray, San Francisco, Cal., for Fred H. Medart Mfg. Co.

McCutchen, Doyle, Brown & Enersen, San Francisco, Cal., for Universal Bleacher.

Bronson, Bronson & McKinnon, San Francisco, Cal., for Wayne Iron Works.

Crimmins, Kent, Bradley & Burns, San Francisco, Cal., for Consolidated Foundries & Manufacturing.

Fink & Coff, Chicago, Ill., assoc. counsel for Consolidated Foundries.

SWEIGERT, District Judge.

This matter, involving a private claim of anti-trust violation in the sale of folding bleachers, is before the Court upon the motion of defendant, Consolidated Foundries & Mfg. Corporation, appearing specially herein, to quash service of summons.

It appears from the affidavits that defendant Consolidated Foundries & Mfg. Corp. is a Delaware corporation, and that the service of process was made upon it in Chicago, Illinois, where it has its principal place of business.

Defendant contends that the service should be quashed, because it is made in violation of Rule 4(f), Fed.R.Civ.P., which provides that process may be served anywhere within the territorial limits of the State in which the district court is held, and, when a statute of the United States so provides, beyond the territorial limits of that State.

Plaintiff contends that this is a case in which a statute of the United States so provides, namely, 15 U.S.C. § 22, which reads as follows:

"Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is

an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found."

Plaintiffs contend that the defendant transacts business within this district within the meaning of Section 22, and that the suit has been properly brought against defendant in this district; further, that in such case defendant may be served wherever it may be found, under the further provision of the section concerning service of process, and that defendant was found in Chicago, Illinois, its principal place of business.

Whether such serving of process is a proper serving depends upon whether this is a case in which suit is properly brought against defendant under the transaction of business clause of Section 22.

■ To sustain service of process under the transaction of business provision of Section 22, it must appear that the business transacted, although something less than "ordinary business", constitutes a substantial part of the ordinary business of the corporation, and is at least of some duration. Windsor Theatre Co. v. Loew's Inc., 79 F.Supp. 871 (D.C.D.C.1948). See, also Eastman Kodak Co. of New York v. Southern Photo Materials Co., 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684 (1927).

■ Ordinarily, whether a corporation "transacts business" in a particular district is a question of fact in its ordinary untechnical meaning. United States v. Scophony Corp., 333 U.S. 795, 819, 68 S.Ct. 855, 92 L.Ed. 1091 (1948); Green v. United States Chewing Gum Mfg. Co., 224 F.2d 369 (5th Cir. 1955); Sunbury Wire Rope Mfg. Co. v. United States Steel Corp., 129 F.Supp. 425 (E.D.Pa.1955).

We have examined the numerous affidavits which have been received from the parties on this issue, relating to the

extent and nature of defendant's business in this district.

We need not, however, decide whether plaintiffs have sustained their burden of showing that this defendant has in fact transacted business within this district.

In Giusti v. Pyrotechnic Industries, 156 F.2d 351 (9th Cir. 1946), cert. den., 329 U.S. 787, 67 S.Ct. 355, 91 L.Ed. 675 (1946), the Court held that California members of an alleged conspiracy were agents of a foreign corporation member, and that the foreign corporation member transacts business through them within the meaning of Cal.Civil Code, § 406a, a local service of process statute.

In De Golia v. Twentieth Century-Fox Film Corp., 140 F.Supp. 316 (N.D.Cal. 1954), the Court, citing Giusti, supra, for this proposition, held further that, as a foreign corporate defendant's participation in the conspiracy, if any, cannot be ascertained before trial, and as such participation will determine whether the defendant was transacting business in the State, a service of process, made pursuant to 15 U.S.C. § 22, should not be quashed prior to a trial at which the defendant could apply for appropriate relief, in the event the defendant's participation was not there established.

We recognize that the Giusti doctrine has not received unanimous approval in other circuits, see Bertha Bldg. Corp. v. National Theatres Corp., 248 F.2d 833 (2d Cir. 1957); and in other districts, see, Independent Productions Corp. v. Loew's Inc., 148 F.Supp. 460 (S.D.N.Y. 1957); Goldlawr, Inc. v. Shubert, 169 F.Supp. 677 (E.D.Pa.1958). We further note that there exists strong contrary dicta in both the majority and dissenting opinions in Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 384, 386, 74 S.Ct. 145, 98 L.Ed. 106 (1953).

■ We nonetheless follow the Giusti case, because it is the rule in this circuit and in this district, De Golia, supra. In doing so, however, we may note that this application of agency principles to venue

in anti-trust actions has been recognized and approved in other districts. See, Riss & Co. v. Assn. of Western Railways, 159 F.Supp. 288, 295, 296 (D.C. D.C.1958); Ross-Bart Port Theatre, Inc. v. Eagle Lion Films, Inc., 140 F.Supp. 401 (E.D.Va.1954); Steiner v. Twentieth Century-Fox Film Corp., 140 F.Supp. 906 (S.D.Cal.1953); Don George, Inc. v. Paramount Pictures, Inc., 111 F.Supp. 458 (W.D.La.1951).

Accordingly, we deny defendant's motion to quash without prejudice to its renewal at any time during trial, should it develop that plaintiffs have failed in their proof of defendant's participation with others in the alleged conspiracy.

It Is So Ordered.