ZIEGLER CHEMICAL AND MINERAL CORPORATION, Plaintiff,

v.

STANDARD OIL COMPANY OF CALIFORNIA et al., Defendants.

Civ. No. 40645.

United States District Court
N. D. California, S. D.

Nov. 7, 1962.
As Amended Dec. 20, 1962.

242

Alfons Puishes, George B. White, San Francisco, Cal., for plaintiff.

Pillsbury, Madison & Sutro, Francis R. Kirkham, William E. Mussman, H. Helmut Loring, San Francisco, Cal., for defendants Standard Oil Co. of California, American Gilsonite Co. and California Research Corp.

Brobeck, Phleger & Harrison, Moses Lasky, Richard Haas, San Francisco, Cal., for defendant Barber Oil Corp.

ZIRPOLI, District Judge.

This action was brought by plaintiff Ziegler Chemical and Mineral Corporation, charging a conspiracy in violation of the anti-trust laws by four Delaware corporations, Standard Oil Company of California, California Research Corporation, Barber Oil Corporation and American Gilsonite Company. California Research is Standard's wholly owned subsidiary. American Gilsonite is jointly owned by Standard and Barber, each holding one-half of its stock. Standard and California Research are admittedly in business in this District, and American Gilsonite has voluntarily submitted to the Court's jurisdiction in this case. Barber Oil Corporation, however, disclaims any business contact with this District and has moved for dismissal as a party defendant on the ground that the transaction of business in this District is a prerequisite for both in personam jurisdiction and venue under Section 12 of the Clayton Act, 15 U.S.C. § 22.

Plaintiff contends that the acts done by Barber's codefendants in this District in furtherance of the alleged conspiracy in violation of the anti-trust laws are imputable to Barber and constitute the transaction of business by it within the meaning of Section 12 of the Clayton Act. In support of this contention, plaintiff relies on the case of Giusti v. Pyrotechnic Industries, 9 Cir., 156 F.2d 351 (1946), in which the Court of Appeals for this circuit held that acts done within this state in furtherance of a conspiracy in restraint of trade by the California members of the conspiracy constituted business transacted within the state by an out-of-state conspirator who did not otherwise do business here. The Giusti decision was made in reference to a California statute providing for substitute service of process upon foreign corporations in actions arising out of business transacted in California. However, it has been held by this Court to be controlling in determining whether a corporation has transacted business in this District within the meaning of Section 12 of the Clayton Act. E. B. De Golia v. Twentieth Century Fox Film Corp., D.C., 140 F.Supp. 316 (1953); The State of California v. Brunswick Company, D.C., 32 F.R.D. 36 (decision dated July 11, 1961, denying motion to quash service of process).

Defendant Barber urges that the application of the Giusti doctrine in determining whether venue has been properly

laid in an anti-trust action has been disapproved by the United States Supreme Court in strong dicta in Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106 (1953). However, it is unnecessary to determine at this stage of the present proceeding the extent to which Giusti may properly be applied in determining whether Barber has transacted business in California within the meaning of Section 12 of the Clayton Act, for the allegations of the complaint are in themselves wholly inadequate for application of the Giusti doctrine. The Giusti decision was made upon the basis of a complaint which alleged continued acts by some of the conspirators in California over a period of six months. The present complaint is devoid of any allegations regarding acts done within this District in furtherance of the conspiracy by any of the conspirators.

Plaintiff has also sought to establish by affidavits that Barber is transacting business in California through the agency of defendant American Gilsonite Company in which Barber holds a fifty per cent stock ownership. Plaintiff asserts that the facts alleged in affidavits filed by it in opposition to Barber's motion to dismiss show that Barber exercises sufficiently close domination and control over American Gilsonite's California business to constitute it Barber's agent here. However, the facts alleged in the affidavits are insufficient to warrant a finding of such domination and control as would create an agency relationship. Moreover, these factual allegations have in substantial part been controverted by affidavits filed by Barber.

■ The net result is that at this stage of the proceeding jurisdiction and venue under the anti-trust statutes have not been established in respect to defendant Barber. But, it does not follow that the Court should act upon Barber's motion to dismiss at this time. The issues of jurisdiction and venue may properly be determined upon affidavits. Williams et al. v. Minnesota Mining & Manufacturing Co., 14 F.R.D. 1 (S.D.Cal.1953). Or, the Court may determine such issues upon oral testimony or other evidence. Gilbert v. David, 235 U.S. 561, 35 S.Ct. 164, 59 L.Ed. 360 (1915). There being no statute or rule directing the procedure to be followed in determining whether the prerequisites to jurisdiction and venue exist, the manner in which such determination should be made is left to the discretion of the trial judge. Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939); Kantor v. Comet Press Books Corporation, D.C., 187 F.Supp. 321 (1960). It is well recognized that the trial court may properly accord an opportunity for discovery in aid of establishing jurisdiction and venue. Greene v. Oster, 20 F.R.D. 198 (S.D.N.Y.1957); Abrams v. Bendix Home Appliances, 92 F.Supp. 633 (S.D.N.Y.1950). The Court considers that the interests of justice will be served if plaintiff is given such an opportunity in this case. Accordingly, ruling on Barber's motion to dismiss will be reserved until the completion of pre-trial discovery. Rule 12(d) F.R.Civ.P. Cf. River Plate Corporation v. Forestal Land, Timber and Railway Co., 185 F.Supp. 832 (S.D.N.Y.1960); General Industries Company v. Birmingham Sound Reproducers, Ltd., 26 F.R.D. 559 (E.D.N.Y. 1961).

■ Barber's motion to dismiss has been discussed only in reference to plaintiff's first and second causes of action under the anti-trust statutes. Somewhat different questions are presented by the motion to dismiss when considered in reference to plaintiff's third cause of action for a declaration of patent invalidity, inasmuch as the applicable jurisdictional and venue statutes are less liberal than Section 12 of the Clayton Act governing the causes of action under the anti-trust statutes. As Barber has noted, the service of process upon it in New York would not create in personam jurisdiction in respect to the third cause of action even if plaintiff ultimately establishes that the venue is proper in respect to that cause of

action. However, the same considerations that have led the Court to conclude that it should reserve ruling on the motion to dismiss in respect to the causes of action under the anti-trust statutes are also persuasive that ruling should be reserved on the motion in respect to the cause of action for declaratory relief.

It is therefore ordered that ruling on defendant Barber's motion to dismiss is reserved until the completion of pre-trial discovery.