**INTERAMERICAN REFINING CORPORATION, Plaintiff,**

v.

**The SUPERIOR OIL COMPANY OF VENEZUELA and Monsanto Chemical Company, Defendants.**

United States District Court
S. D. New York.

Dec. 6, 1963.

William F. Hamilton, New York City, for plaintiff.

Cahill, Gordon, Reindel & Ohl, New York City, for defendant, Superior Oil Co. of Venezuela; John T. Cahill, William Jannen, Jr., New York City, of counsel.

Shearman & Sterling, New York City, for defendant, Monsanto Chemical Co.

WEINFELD, District Judge.

This is a motion by the defendant, The Superior Oil Company of Venezuela (Superior), to quash service of the summons and complaint upon it on the ground that service was not effected upon any authorized person as required by Rule 4(d) (3) of the Federal Rules of Civil Procedure.[1]

The essential facts relating to the service of the summons and complaint are not in dispute. Also named as a defendant is Monsanto Chemical Company. The complaint alleges a conspiracy in violation of sections 1 and 2 of the Sherman Act and sections 2 and 3 of the Clayton Act. It charges, in substance, that Superior, Monsanto and other al-

---

1. Under Rule 4(d)(3), service of process shall be made "[u]pon a domestic or foreign corporation * * * by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process * * *."

leged co-conspirators, presently unknown to plaintiff and designated "Doe 1 through Doe 10," conspired to and did boycott plaintiff by refusing to sell it crude oil for processing in its refinery in Bayonne, New Jersey.

Superior is a Delaware corporation. The plaintiff concedes that it has no offices or manufacturing facilities, nor has it been authorized to do business, in New York State. It does not claim that any employee of the other defendant, Monsanto, has been expressly authorized to accept service on behalf of Superior. It does claim, however, that Superior was regularly transacting business in New York City which, in turn, that defendant denies. Monsanto, the alleged co-conspirator, is doing business in this district and has answered and submitted to jurisdiction.

Service of the summons and complaint upon Superior here under attack was made upon the office manager of Monsanto, admittedly not in the employ of Superior. The theory of this service upon a non-employee, as stated by plaintiff's counsel in his direction to the United States Marshal and again upon the argument of this motion, is that "Superior and Monsanto are co-conspirators of a conspiracy which took place in New York within the jurisdiction of this Court," and accordingly that proper service of the summons and complaint was effected upon Superior by "service upon Monsanto as its agent and co-conspirator."

While it is true that once a conspiracy is established each co-conspirator is deemed to act for the other in furthering the conspiratorial purpose during its existence, the fact that a complaint charges that a conspiracy occurred within a judicial district wherein one of the co-conspirators is amenable for service of process does not thereby permit a plaintiff to serve all defendants by service of process upon that one alleged co-conspirator. A pleading is not a substitute for proof. An allegation in a complaint does not thereby constitute each co-conspirator "a managing or general agent or * * * any other agent authorized by appointment or by law" for process purposes under Rule 4(d)(3). Bertha Bldg. Corp. v. National Theatres Corp., 248 F.2d 833 (2d Cir. 1957), cert. denied, 356 U.S. 936, 78 S.Ct. 777, 2 L.Ed.2d 811 (1958); Independent Prods. Corp. v. Loew's, Inc., 148 F.Supp. 460 (S.D.N.Y.1957). See also, Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 386, 74 S.Ct. 145, 98 L.Ed. 106 (1953) (Frankfurter, J., dissenting.) Cf. Ohio-Midland Light & Power Co. v. Ohio Brass Co., 221 F.Supp. 405 (S.D. Ohio 1962); Commonwealth Edison Co. v. Federal Pac. Elec. Co., 208 F.Supp. 936, 941 (N.D.Ill.1962); Bruner v. Republic Acceptance Corp., 191 F.Supp. 200 (E.D.Ark.1961); Hansen Packing Co. v. Armour & Co., 16 F.Supp. 784, 787 (S.D.N.Y.1936).

To uphold the doctrine here advanced, that a person alleged to be a co-conspirator who is within the proper venue district is thereby constituted an agent for all the other co-conspirators for the purpose of process within that district, would indeed "give plaintiffs free rein to haul defendants hither and yon at their caprice," United States v. National City Lines, 334 U.S. 573, 588, 68 S.Ct. 1169, 1177, 92 L.Ed. 1584 (1948); it would permit a plaintiff by a broadside allegation of conspiracy to bring in persons from all over the country by service upon a single co-conspirator without regard to whether the other defendants were inhabitants of, may be found, or transacted business within the district.

The motion to vacate the service of process is granted.

Since service of process is vacated by reason of improper service, the Court does not reach Superior's alternative motion to dismiss the action on the ground that it is not subject to jurisdiction within this district based its claim that it is not an inhabitant of, cannot be found in, and does not transact business in, the Southern District of New York. 15 U.S.C. §§ 15, 22 (1958); 28 U.S.C. § 1391(c) (1958).

 

The disposition herein is without prejudice to plaintiff's right to effect proper service of a summons and complaint upon Superior in accordance with Rule 4(d)(3) if, in fact, Superior is subject to jurisdiction in this forum because, as plaintiff contends and defendant denies, Superior actively transacts business within the district.