AMERICAN CONCRETE AGRICULTURAL PIPE ASSOCIATION, Appellant,

v.

NO–JOINT CONCRETE PIPE CO., a corporation, Appellee.

AMERICAN CONCRETE AGRICULTURAL PIPE ASSOCIATION, Petitioner,

v.

Honorable Harry C. WESTOVER, Judge of the United States District Court for the Southern District of California, Central Division, Respondent.

Nos. 18984, 19059, 19025.

United States Court of Appeals
Ninth Circuit.

April 27, 1964.

Rehearing Denied in No. 19025
June 1, 1964.

Covington & Burling, James C. McKay, Gerry Levenberg and Harris Weinstein, Washington, D. C., Munger, Tolles, Hills & Wood, Roderick M. Hills and Carla A. Hills, Los Angeles, Cal., for appellant-petitioner.

Joseph L. Alioto, Maxwell M. Blecher, and Matthew P. Mitchell, San Francisco, Cal., for appellee in 18,984 and 19,059.

Before BARNES, HAMLEY and BROWNING, Circuit Judges.

HAMLEY, Circuit Judge.

Before us in these consolidated proceedings are two appeals and an application for a writ of mandamus. By one or the other of these means we are asked to review the district court orders entered in a private anti-trust suit, denying motions to dismiss the complaint and amended complaint as to one of the defendants and to quash service of process upon that defendant.

The anti-trust suit was brought by No-Joint Concrete Pipe Co. (Company) against American Concrete Agricultural Pipe Association (Association), a non-profit membership corporation, and four business corporations. The defendants were charged with participation in a conspiracy in violation of section 1 of the Sherman Act, 26 Stat. 209 (1890), as amended, 50 Stat. 693 (1937), 15 U.S.C. § 1 (1958). The suit was filed in the United States District Court for the Northern District of California. Service of process was made upon the Association at its principal place of business located in Chicago, Illinois.

Proceeding under Rule 12(b), Federal Rules of Civil Procedure, the Association moved to dismiss the complaint, as to the Association, on the ground that the district court lacked venue of the suit as to that defendant under section 12 of the Clayton Act, 38 Stat. 735 (1914), 15 U.S.C. § 22 (1958).[1] The Association contended that it was not an "inhabitant" of that district, was not "found" therein, and does not "transact(s) business" therein, one of which circumstances must exist in order to establish venue under section 12.

Because of this asserted lack of venue, the Association also moved, under Rule 12(b), to dismiss the complaint, as to the Association, on the ground of lack of personal jurisdiction. The Association in effect contended that since there was a lack of venue, the provision of section 12 which permits extraterritorial service of process upon a corporation in the district of which it is an inhabitant (in this case Chicago, Illinois), is inapplicable, and that Rule 4(f) of the Federal Rules of Civil Procedure, limiting service of process other than a subpoena to the territorial limits of the district in which the suit is brought, with exceptions not here material, governs. See Goldlawr, Inc. v. Heiman, 2 Cir., 288 F.2d 579, rev'd on other grounds, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39. For the same reasons, the Association also moved to quash serv-

---

1. Section 12 reads:
   " * * * any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found."

ice of process upon it. All three motions were accordingly grounded upon asserted lack of venue.

Without acting on these motions the court, responsive to the motion of the other defendants, made pursuant to 28 U.S.C. § 1404(a) (1958), transferred the case to the United States District Court for the Southern District of California, hereinafter referred to as the district court. The Association renewed its motions before that court, urging that, as to the Association, venue was improper in either the Northern or Southern Districts of California. On October 1, 1963, the district court denied the motions and the Association promptly appealed.

While this appeal was pending, the Company filed an amended complaint in the district court. For a while thereafter proceedings were concurrently in progress in the district court with regard to the amended complaint, and in this court with regard to the appeal from the order involving the original complaint.

In the district court the Association, on November 4, 1963, moved to dismiss the amended complaint for lack of venue and personal jurisdiction, and to quash service of process, the grounds being the same as in the case of the previous motions. Argument was had on these motions on December 2, 1963, at which time they were orally denied by the district court. A formal order denying these motions without prejudice was entered on December 9, 1963, and on December 17, 1963 the Association appealed from this order.

In this court, in the meantime, the Company moved, on November 6, 1963, to dismiss the first appeal on the ground that it was taken from an interlocutory order. Before this motion came on for hearing the Association, on December 3, 1963, moved in this court for leave to file an application for a writ of mandamus. This application was, in form, an attack upon the order relating to the original complaint under review in the first appeal. We granted leave to file the application, called for a return thereto, and postponed the hearing on the motion to dismiss the first appeal.

By the time the return to the application for a writ of mandamus had been filed and that matter was ready for argument, the second appeal had been filed and the Company had moved to dismiss that appeal because taken from an interlocutory order. We then consolidated for argument and disposition the two appeals and the mandamus proceeding. Argument has been had on the motions to dismiss the appeals, on the merits of those appeals, and on the application for a writ of mandamus.

■ The original complaint, the motions directed thereto, and the order of October 1, 1963, denying those motions, have been completely superseded by the amended complaint, the similar motions directed to that pleading, and the order of December 9, 1963, denying those motions. It follows that the appeal from the order of October 1, 1963 is moot.

As before stated, the Company has moved to dismiss the appeal from the order of December 9, 1963, on the ground that this order is not a final decision within the meaning of 28 U.S.C. § 1291 (1958), and this court is therefore without jurisdiction to entertain it. The Association resists this motion contending that although an order denying a motion to dismiss for want of venue is ordinarily interlocutory, it is final and appealable where the district court lacks jurisdiction over the subject matter, it being asserted that subject-matter jurisdiction was here lacking.

As a basis for this argument, the Association calls attention to Phillips v. Negley, 117 U.S. 665, 6 S.Ct. 901, 29 L.Ed. 1013, and a long line of subsequent decisions in which it has been held that where the district court did not have jurisdiction to entertain a particular motion, such as a motion for a new trial, the granting of such motion, although normally interlocutory, is subject to immediate appeal.

■ No such circumstance is present here. The district court had jurisdiction

to entertain the motions to dismiss and quash, even though it might turn out that it does not have jurisdiction of the Association for lack of venue and proper service. Indeed, it was the Association which made these motions and if the district court did not have jurisdiction to entertain them, the Association would not be aggrieved by their denial. We hold that the principle announced in Phillips v. Negley, and the other cases relied upon by the Association, are inapplicable and that the order of December 9, 1963, being interlocutory, is not a final decision appealable under 28 U.S.C. § 1291.

It remains to be determined whether that order is reviewable in the mandamus proceeding.

The application for a writ of mandamus is, in form, directed against the order of October 1, 1963. If it must be regarded as confined to that order the mandamus proceeding is moot for the same reason that the first appeal is moot.

But before the Association moved for leave to file that application the district court had already orally denied its motions directed against the amended complaint. Those motions were precisely the same as those directed against the original complaint, so that the same question on the merits is involved in a review of either order. It therefore seems to us that although the formal order denying the later motion was not entered until several days thereafter, the application for a writ of mandamus may be regarded as directed against that order.[2]

The Company, however, argues that the order of December 9, 1963, is not reviewable in the mandamus proceeding because, in the words of Bankers' Life & Cas. Co. v. Holland, 346 U.S. 379, 383, 74 S.Ct. 145, 148, 98 L.Ed. 106, mandamus is " * * * meant to be used only

in the exceptional case where there is clear abuse of discretion or 'usurpation of judicial power' * * *." There was here, the Company asserts, no such abuse of discretion or usurpation of judicial power as would warrant relief by way of mandamus.

The Association, on the other hand, argues that review by mandamus is a proper remedy because: (1) there is drawn in question the propriety of a transfer, a question which has been recognized to be a proper subject for review on writ of mandamus; (2) mandamus is a proper remedy where there are interrelated problems of venue and personal jurisdiction; (3) the district court order is "clearly erroneous"; (4) extraordinary circumstances exist in that there is at issue the scope of an important federal statute and the interpretation of a prior opinion of this court as to which there is a direct conflict among the judges of the district court; and (5) the order, requiring the Association to participate in the case as a defendant, places a "peculiarly vexatious" burden and hardship upon it.

Under 28 U.S.C. § 1651(a), this court may issue a writ of mandamus necessary or appropriate in aid of our appellate jurisdiction and agreeable to the usages and principles of law. For present purposes we will assume that, under this statute, we have power to review by mandamus, a district court order denying, without prejudice, motions to dismiss a complaint for lack of venue and personal jurisdiction, and denying without prejudice a motion to quash service.

■■ The question remains whether, under the facts of this case, we should exert that power by reviewing the order of December 9, 1963, in the mandamus proceeding before us.[3] The determina-

2. The Company itself has suggested this treatment of the application.

3. We are not prevented from considering this question by reason of the fact that we have heretofore granted leave to file the application for a writ of mandamus. It is the practice of this court to screen such applications by acting upon ex parte motions for leave to file. The granting of such a motion does not preclude the respondent, when he is brought into the case, from urging that mandamus is an inappropriate remedy, nor does it preclude this court from so determining, upon motion of the respondent, or sua sponte.

710

tion of this question calls for the exercise of a sound discretion.[4]

In order to determine how our discretion should be exercised in this matter, it is necessary to have in mind the grounds on which the district court denied the motions.

The Company advanced two reasons in the district court why venue as to the Association existed under section 12 of the Clayton Act. The first of these, based on our decision in Giusti v. Pyrotechnic Industries, Inc., 9 Cir., 156 F.2d 351, was that a foreign corporation, not otherwise doing business in California, transacts business in California through the acts of co-conspirators. The second argument was that, apart from Giusti, the Company would be able to show that the Association transacts business in California.[5]

The district court found merit in both of these arguments. It orally expressed the view that, under the Giusti decision, participation as a co-conspirator was a sufficient transaction of business in the Southern District of California to establish venue in that district within the meaning of the statute. It also stated that the question of venue was one of fact, and that the plaintiff ought to have the opportunity to establish, as a fact, that the Association transacts business in California.

Apparently because of this second ground for denying the motion to dismiss, the district court declined the request of the Association that the ruling be certified to the court of appeals as one involving a controlling question of law and that an immediate appeal from the order might materially advance the ultimate termination of the litigation, which certificate would have paved the way for an interlocutory appeal under 28 U.S.C. § 1292(b) (1958). For the same reason the order denying the motion to dismiss was made "without prejudice."

■ The circumstances reviewed above indicate to us that, in the exercise of sound discretion, we ought to decline to review, by way of mandamus, the order of December 9, 1963. Whatever may be the merits of the district court's action in denying the motions on the basis of Giusti v. Pyrotechnic Industries, Inc., the second ground of such denial—that there may be venue apart from Giusti under facts not yet resolved—is not ripe for review at this time. When the facts are developed in the evidence and found by the court, it may turn out that this basis for venue is adequate. It follows that any consideration of the Giusti phase of the venue question is premature and may even become moot.

The two appeals are dismissed. The application for a writ of mandamus is denied without prejudice.

4. Whitehouse v. Illinois Cent. R. R. Co., 349 U.S. 366, 373, 75 S.Ct. 845, 99 L.Ed. 1155; United States v. Carter, 9 Cir., 270 F.2d 521, 524; 6 Moore's Federal Practice (2d ed.), § 54.10 [4], p. 91.

5. In support of this argument an affidavit was filed on behalf of the Company, in which it was alleged, among other things, that the Association had member firms and companies located throughout the United States, including California; that the Association assisted these members in the preparation of specifications, the conduct of trade promotion activities, and the development of production and distribution techniques; that among other things, the Association prepared technical and advertising literature, and arranged meetings and conventions; the Associa-

tion maintained, through its managing director, an interrelationship with the American Concrete Pipe Association and like associations; there has been a constant interchange of correspondence, telephone calls, money and other mailings to and from Association members located in California; in 1959, the Association created an "Undesirable Competition Committee," the purpose of which, in material part, was the elimination and suppression of competition created by "cast-in-place" concrete pipe, which is the kind of pipe manufactured by the Company; and meetings of this committee have been had in several places in California.

Affidavits were filed on behalf of the Association in which various of the allegations referred to above were denied.