**HALEIWA THEATRE CO., Ltd.,**
**Plaintiff,**

v.

**William FORMAN, Consolidated Amusement Company, Ltd., Royal Theatres, Ltd., Mission Amusement Co., Ltd., Pacific Drive-In Theatres Corp., Urban Drive-In Theatres, Inc., and Warner Bros. Pictures Distributing Co., Inc., Defendants.**

**Civ. No. 2305.**

United States District Court
D. Hawaii.
Jan. 29, 1965.

Walter G. Chuck, Honolulu, Hawaii, for plaintiff; Joseph L. Alioto, Maxwell M. Blecher, Matthew P. Mitchell, San Francisco, Cal., of counsel.

Fong, Miho, Choy & Robinson, Damon & Shigekane, Honolulu, Hawaii, and Harry B. Swerdlow, Irving A. Shimer, Allan Albala, Beverly Hills, Cal., for defendants.

TAVARES, District Judge.

This case came on to be heard on December 10, 1964, upon the following motions and matters:

1. Motion of plaintiff to add Twentieth Century Fox Film Corporation as a defendant, filed herein on September 18, 1964 (rec. pp. 87–90).

2. Motions to dismiss and for other relief filed by certain defendants on October 30, 1964 (rec. pp. 64–84, 98–137).

These motions included the following:

(a) Motion to Dismiss the action against defendants Mission Amusement Co., Ltd., Pacific Drive-In Theatres Corp., Urban Drive-In Theatres, Inc., Warner Bros. Pictures Distributing Co., Inc. (hereinafter respectively called Mission, Pacific, Urban and Warner), and each of them on the grounds that said defendants are not inhabitants of the District of Hawaii, can not be found within said district, and do not transact business within said district.

(b) Motion to Dismiss the action against defendants Mission, Pacific, Urban and Warner, or, in lieu thereof, to quash the return of service of summons on said defendants, on the grounds that said defendants have not been properly served with process in this action (rec. p. 99).

(c) Motions to order plaintiff to separately state its purported cause of action for alleged damages resulting from alleged conspiracy with respect to English language films (including foreign films either dubbed with English or with English subtitles) from its purported cause of action for alleged damages resulting from an alleged conspiracy with respect to Japanese language films. (rec. p. 99).

(d) Motions to order plaintiff to make more definite each of certain words or

phrases of plaintiff's Complaint, on the ground that said phrases are so vague and ambiguous that it cannot be ascertained therefrom whether they include references to Japanese language films (rec. pp. 99–100), and

(e) Motions to relieve defendants Mission, Pacific, Urban, and Warner from all obligations under the written interrogatories and motions for production purportedly served upon said defendants on the grounds that this Court does not have jurisdiction over said defendants because the action is claimed to have been brought in the wrong venue and because attempted service of process upon said defendants is claimed for that reason to have been ineffective. (rec. pp. 64–84, 100).

3. Objections of defendants Consolidated Amusement Co., Ltd., and Royal Theatres, Ltd. (hereinafter called Consolidated and Royal, respectively) to certain interrogatories addressed by plaintiff to said defendants. (rec. pp. 151–155).

The Court having had the benefit of oral argument and having read and studied the record, affidavits, briefs and authorities submitted in behalf of the respective parties, makes the following rulings upon the questions raised:

(1) *Motion of Plaintiff to Add Twentieth Century Fox Film Corporation as defendant.*

 There being no objection, the motion was and is granted.

(2) and (*3*) *Motions to Produce Documents; Motions to Dismiss, etc., and Motions for Relief as to Interrogatories.*

On July 23, 1964, Judge Martin Pence of this Court signed an order which stated in part that Service of Summons in this case could be made by personal service upon defendants William Forman, Mission, Pacific, Urban and Warner. (rec. p. 27).

As stated in defendants' memorandum (rec. p. 105), pursuant to said Order, Service of Process in this case was purportedly made upon each of said defendants, except William Forman, in the State of California, and following said purported service, written interrogatories were purportedly served by plaintiff upon Mission, Pacific, Urban and Warner, as well as upon Consolidated and Royal, and a motion for an order to produce documents under Rule 34, F.R.Civ. P. was also purportedly served upon all of said corporate defendants. (rec. pp. 64–84 and pp. 98–137). Service of Process not having been made to date upon William Forman (rec. p. 105) he is not appearing at this time.

With respect to the motions to dismiss or to quash the return of service of summons, which in their essence raised the question of alleged lack of proper venue (items 2(a), 2(b) and 2(e) supra), the Court has carefully studied the decisions pro and con cited in the respective briefs and arguments of counsel. If this were a case of first impression in this Circuit, this Court would be inclined to follow the view of numerous jurisdictions [1] disavowing or attempting to distinguish the

1. Independent Prod. Corp. v. Loew's, Inc. (S.D.N.Y.1957), 148 F.Supp. 460; Bertha Bldg. Corp. v. National Theatres Corp., 248 F.2d 833 (2nd Cir. 1957); Interamerican Refining Corp. v. Superior Oil Co. of Venezuela, 224 F.Supp. 35 (S.D.N.Y.1963); Intermountain Ford Tractor S. Co. v. Massey-Ferguson, Ltd., 210 F.Supp. 930 (D. Utah 1962); Commonwealth Edison Co. v. Federal Pacific Electric Co., 208 F.Supp. 936 (N.D.Ill. 1962); Periodical Distributors, Inc. v.

American News Co., C.C.H. Trade Reg. Serv. pars. 70,011 (S.D.N.Y.1961); Bruner v. Republic Acceptance Corp., 191 F. Supp. 200 (E.D.Ark.1961).
In this connection this Court has not overlooked the dicta quoted by defendants from Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 384, 74 S.Ct. 145, 98 L.Ed. 106 and claimed by them to indicate that the Supreme Court feels that the theory of Giusti relied on by plaintiffs is "frivolous."

Giusti [2] rule, which have been cited by plaintiff in support of its contention that, where corporations (hereinafter designated as "non-resident" corporations) not licensed to do business, and not otherwise doing business within the district (hereinafter called local district) in which suit has been brought, are alleged to have conspired with persons legally found and unquestionably doing business within the local district to violate the anti-trust laws, the non-resident corporations are deemed to be doing business in the local district through their resident co-conspirators as their agents, thereby satisfying the venue requirements of Section 12 of the Clayton Act, 15 U.S.C. § 22.[3]

■ The defendants have produced very cogent authorities and arguments in support of their contentions that the holding in the Giusti case is dictum, and that if it is not dictum, then it is wrong. If it is dictum, it is strong dictum and appears to have been followed in a substantial number of District Court decisions [4] in the Ninth Circuit and has not yet been disavowed by the Court of Appeals for the Ninth Circuit.[5] Were it not for the strong interpretation placed on the Giusti decision by several of this Court's highly respected brethren on the District bench,[6] the Court would be inclined to hold that the Giusti ruling was dictum and not binding on this Court. However, until and unless the Ninth Circuit or higher authority distinguishes the Giusti case or overrules it on this point, this Court will follow the interpretation placed thereon by the lower courts of this Circuit.

There are, moreover, other indications in the Complaint and in the Affidavits filed in support of the Motion to Dismiss for lack of proper venue, which, at least at this stage, may support a denial of the Motion without having to rely on Giusti, in that there appears to be a reasonable possibility that the plaintiff, if allowed discovery, may be able to prove the actual doing of business in this district, in the practical non-technical sense, by the moving corporations, aside from the Giusti rule, so as to satisfy the venue requirements without resorting to Giusti.

Among these indications are such facts as the following: (1) The sublicensing and distribution of films locally by Consolidated or Royal in behalf of Warner or other distributors, including Pacific,

---

2. Giusti v. Pyrotechnic Industries, Inc., 156 F.2d 351 (9 Cir. 1946).

3. "Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found."

4. See cases cited in Note 6.

5. In American Concrete Agr. Pipe Ass'n v. No-Joint Concrete Pipe Co., 331 F.2d 706 (9 Cir. 1964), cited by the moving corporate defendants as indicative of an alleged invitation by the Court of Appeals for the Ninth Circuit to reexamine the Giusti ruling, that Court simply refused to pass upon the point as premature because the lower court had based its decision denying motions to dismiss for alleged improper venue upon both the Giusti rule *and an alternative ground* that the plaintiff might be able to develop sufficient facts to establish that the defendants transacted business in the district of suit apart from the Giusti rule, and ought to be given the opportunity to do so.

6. De Golia v. Twentieth Century-Fox, 140 F.Supp. 316 (N.D.Cal.1954, per Murphy, J.); Steiner v. Twentieth Century-Fox, 140 F.Supp. 906 (S.D.Cal.1953, per Hall, J.); Ziegler Chemical & Mineral Corp. v. Standard Oil Co. of Calif., 32 F.R.D. 241 (N.D.Cal.1962, per Zirpoli, J.); State of Calif. v. Brunswick Co., 32 F. R.D. 36 (N.D.Cal.1961, per Sweigert, J.) and unreported decisions of Judge Westover in No-Joint Concrete Pipe Co. v. American Concrete Agr. Pipe Ass'n, No. 63-928 HW, (quoted in plaintiff's brief in opposition to the defendants' motions), S.D.Cal., orders dated Oct. 1 and December 9, 1963.

as a possible sublicensor, thereby possibly making Consolidated or Royal in essence agents, in the common business sense of the word, of such non-resident defendants.[7]

(2) Three of the four moving corporations, Urban, Pacific and Mission, are alleged to be controlled by the same individual and members of his family and have a common office and to some extent, at least, the same officers (for example, the Complaint alleges that "William Forman, Lester Blumberg, and Michael Forman are officers or directors of all of said Forman corporations. * * * "; and three affidavits executed for Urban, Pacific and Mission in support of their Motions to Dismiss for lack of proper venue, are executed by Frank R. Miller as Secretary-Treasurer for each), and defendant Forman is alleged by the Complaint, by "acting through corporate agents" to have "monopolized the distribution and exhibition of motion pictures in the State of Hawaii," etc.

(3) Priosch's affidavit discloses that he, *as an employee of Pacific,* supervises the "buying" and "booking" of pictures for Royal and Consolidated, that he and other employees of Pacific have made occasional trips to Hawaii in the course of which he had "discussions" with Royal or Consolidated or both "with reference to the manner in which Pacific was performing its services as agent in their behalf in Los Angeles," but "transacted no business of any nature whatsoever in Hawaii"—ambiguous admissions which on further discovery might well disclose, in connection with other circumstances, business activities by him and such other employees in Hawaii, notwithstanding his conclusory denials.

■■ The situation disclosed by the record is such that this Court finds that it justifies invocation of the rule [8] that the petitioner should be permitted to secure discovery so that the matter of proper or improper venue can be more adequately decided on all the actual available facts, rather than on a technical motion to dismiss based on conclusory ex parte and self-serving statements which may not present the complete picture.

In short, this Court is not satisfied that, under the showing made, the plaintiff, if allowed discovery, will be unable to establish its allegations as to the doing of business in Hawaii by Mission and Urban, along with Pacific and Warner, and for this reason and those hereinabove stated, denies the motions to dismiss and to quash the return of service of summons. However, this ruling is without prejudice to a renewal of the motions at an appropriate later date and after plaintiff has had a reasonable opportunity to seek discovery.

*Motions to Require Separate Statements of Purported Causes of Action and for Clarification of Alleged Ambiguities in Complaint.* (Items 2(c) and 2(d) supra)

■ Along with their contentions that the plaintiff should be required to amend its Complaint for further clarification, the defendants contend that they should not be required to answer any interrogatories or produce any documents until there has been such clarification. This Court has examined the Complaint and holds that it is sufficiently clear to satisfy the requirements of Rules 8(a) (general rules of pleading); 8(b) (pleading to be concise and direct, consistency); and 10 (form of pleadings) of the Fed-

---

7. The affidavit of Bert Pirosh, in support of said Motions to Dismiss, states in part:

"As a general rule, said motion picture distributors *license Pacific* as agent for Royal, and other motion picture distributors *license Pacific,* as agent for Consolidated. From time to time motion picture distributors have transferred [which this Court interprets to mean transferred to Pacific] their accounts in order to secure better terms, or better playing time, or better service." (italics added).

8. American Concrete Agr. Pipe Ass'n v. No-Joint Concrete Pipe Co., supra, 331 F.2d 706, 710.

eral Rules of Civil Procedure, and so as not to call for the application of Rule 12(c) (motion for more definite statement) F.R.C.P. The type of alleged clarification sought by defendants can, without undue difficulty, be sought and secured by the discovery procedure. Therefore, all such motions and objections are denied.

*Objections to Interrogatories and to Motions for Production of Documents—Items 2(c), 2(d) and 3, supra.*

The briefs point out that the motions for production of documents and interrogatories propounded by plaintiff to defendants are largely identical or seek much the same information, with some exceptions. Hence they are treated together.

The objections raised by defendants to the granting of the Motion for Order requiring the various defendants to produce various documents described in separate schedules in the motion are found by the Court not to be well founded, except as hereinafter expressly otherwise stated.

In examining the appendices A to F inclusive attached to and incorporated by reference in the Motion to Produce filed herein by plaintiff on August 26, 1964 (rec. p. 64–76), the Court finds the defendants' objections to be imaginary, rather than real, except with respect to items 7 in appendix A and appendix B (rec. pp. 68 and 69) ; item 3 in appendix C (rec. p. 71) ; item 5 in appendix D (rec. p. 73) ; item 1 in appendix E (rec. p. 74) ; and item 3 in appendix F (rec. p. 75).

■ For the purpose of determining whether documents sought are relevant to any matters in issue and whether good cause is shown for production thereof,

the Court may resort not only to the general statements in the affidavit of Maxwell M. Blecher and the memorandum attached thereto and incorporated by reference in said affidavit (rec. pp. 82–83), but also to the pleadings [9] in the case which are also incorporated by reference in the Motion.

Even in the Guilford National Bank case supra, note 9, cited with approval in the Schlagenhauf case supra, note 9, the Court does not hold flatly that district court decisions, including Connecticut Mutual Life Insurance Co. v. Shields, 17 F.R.D. 273 (S.D.N.Y.1955), are in error, but simply distinguishes them by pointing out that,

" * * * The actual record of figures and technical details of business transactions may well be indispensable because the necessary information cannot be satisfactorily discovered by interrogatories and depositions. Such is not the situation where written statements of witnesses are involved because usually the desired information can be obtained by readily available discovery procedures, once the identity of the witnesses is learned." (297 F.2d 925).

In the Shields case, supra, the District Court, equating Rule 45 with Rule 34 in the requirement of good cause being shown, held that subpoenaes were valid which required production of the following:

"*All* reports, memoranda, correspondence and other papers containing, reflecting or otherwise alluding to any information or facts received by or otherwise known to [the designated plaintiff], its officers, employees or agents prior to the com-

---

9. Guilford National Bank of Greensboro v. Southern Railway Co., 297 F.2d 921, 925 (4 Cir. 1962). Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152, decided November 23, 1964, in which the Court through Mr. Justice Goldberg said, by way of dictum,

"Of course, there are situations where the pleadings alone are sufficient to meet these requirements."
referring to the requirement of showing good cause, among other things.

mencement of its action *relating to any of the following:* * * * "

* * * * * *

"All reports, memoranda, correspondence, and other papers prepared or received by plaintiff, its officers, employees or agents containing facts or information *relating to the purchase or sale by plaintiff or others of Belview Bridge Revenue Bonds."* (emphasis added).

■■ The Court feels that the pleadings themselves indicate good cause for the production of all items sought by plaintiff in its Motion for Production, other than the excepted ones hereinabove expressly enumerated, which latter call for "all correspondence" with certain parties during a given period of four years from January 1, 1960 to June 30, 1964, without limiting the same as to subject matter. While it may be true that most of this correspondence would presumably come within the definition of "actual record of figures and technical details of business transactions" mentioned in the Guilford National Bank case, supra, the Court feels that the language of this request is prima facie unduly broad and that an insufficient showing has been made by the plaintiff to justify the production of *all* such correspondence, whether it relates to the subject matter of the Complaint or otherwise. This request thus fails to measure up to the requirement of rule 34. The Motion to Produce such documents, however, seems reasonable in other respects in being limited to a moderate period of four years. The Motion for Order of Production is therefore denied with respect to said enumerated items which are too broad, with leave to the plaintiff to renew the Motion with respect to such matters as related to any of the transactions covered by the pleadings or to make a sufficient showing, if it can, to justify the requirement of production of "all" correspondence during the four-year period.

### Objections to Interrogatories

The Court has carefully considered all objections to the Interrogatories propounded by plaintiff to any of the defendants and finds the objections not well taken as to any of said interrogatories. As to the objection particularly to Interrogatories numbered 7 addressed to defendants Consolidated and Royal on the ground that they are not limited to the State of Hawaii, the Court so limits them as agreed to by plaintiff. As to all other interrogatories concerning which the objection is that they are not limited to the alleged relevant geographical area, the Court holds that this objection likewise is not well taken.

■ This Court can and does take judicial notice of the manner in which businessmen in Hawaii deal with so-called rural areas by more or less lumping rural Oahu with all islands of the group other than Oahu. There are also intimations of this practice in the Complaint and various affidavits in support of the Motions to Dismiss. Furthermore, since the Island of Oahu contains close to eighty percent of all the population of the State, the disclosure as to transactions outside of the downtown district of Honolulu, or outside of the Island of Oahu, should not impose upon defendants any undue burden, whether by way of volume, difference of treatment from rural Oahu, or otherwise. The plaintiff's theatres are evidently located in small urban or rural areas on Oahu, which are logically related to areas off the Island of Oahu and the Court believes that disclosure as to all of them is relevant.

Questions Nos. 5 and 6 in Appendices A and B attached to the Motion for Production of Documents (rec. pp. 67–68 and 69–70) are limited in time to the period from January 1, 1960 to June 30, 1964, without prejudice to the right of plaintiff, upon good cause shown, to move for additional discovery.

All other objections to the Motion for Production of Documents and the Interrogatories are overruled.