479 F.2d 482
 Louise GENOSICK, Individually, and as Guardian ad litem for
Roger Genosick, a minor, Individually and on
behalf of all others similarly situated,
Plaintiffs-Appellees,
v.
RICHMOND UNIFIED SCHOOL DISTRICT et al., Defendants-Appellants.
 No. 71-1456.
 United States Court of Appeals,
Ninth Circuit.
 May 18, 1973.
 
 1
 Silvano Marchesi, Deputy County Counsel (argued), John B. Clausen, County Counsel, Arthur W. Walenta, Jr., Deputy County Counsel, Martinez, Cal., for defendants-appellants.
 
 
 2
 Peter E. Sherhan (argued), Paul Halvonik, Chas. C. Marson, San Francisco, Cal., Ramsey & Rosenthal, Point Richmond, Cal., for plaintiffs-appellees.
 
 
 3
 Before GOODWIN and WALLACE, Circuit Judges, and CURTIS,* District Judge.
 
 CURTIS, District Judge:
 
 4
 This is an appeal from two orders of the district court, one being an order denying appellants' motion to dismiss upon the grounds that the complaint fails to state facts upon which relief can be granted, and a second order issuing a preliminary injunction.
 
 
 5
 Jurisdiction is conferred on this court by Title 28 U.S.C. Sec. 1292, which makes interlocutory orders issuing preliminary injunctions appealable. It is also established that an appeal from an order granting preliminary injunction supports a review of an order denying a motion to dismiss, even though standing alone the latter would not be appealable. 9 Moore Fed.Practice section 110.25 ; Gatliff Coal Company v. Cox, 142 F.2d 876 (6th Cir. 1944); Zwack v. Kraus Bros. & Co., 237 F.2d 255 (2nd Cir. 1956).
 
 
 6
 The appellees, a minor child and his mother, brought this action against the appellants, Richmond Unified School District, its superintendent and an assistant superintendent, contending that the district in which the child was a pupil had instituted a policy which violated the students' First Amendment rights.
 
 
 7
 It appears from the record that the district assistant superintendent circulated a memorandum dealing with the wearing of pants suits by female staff and the displaying of ecology symbols. The memorandum read in part:
 
 
 8
 "Both the cause of peace and that of improved ecology can be furthered in our schools without resort to the current symbols used by some in our society.
 
 
 9
 "You are directed to see that both of these decisions are inforced [sic]."
 
 
 10
 The appellees alleged that because of the issuance of this memorandum, they are in "immediate peril of intimidation, threat, harassment, discrimination, and interference with their First Amendment rights of free speech, and Fourteenth Amendment rights of equal protection."
 
 
 11
 Immediately after filing the complaint a second memorandum was issued to the elementary principals, reading as follows:
 
 
 12
 "The intent is to counsel teachers from overemphasizing abstract symbols. There is no reference to the right of an individual to wear a symbol on his person."
 
 
 13
 Thereafter, the assistant superintendent filed herein an affidavit in opposition to the application for a preliminary injunction, which, among other things, included the following:
 
 
 14
 "It is not and never has been the policy of the Richmond Unified School District to prohibit, discourage by intimidation, threats of punishment or discipline, or otherwise discriminate against students who wear, display, or create commonly used peace or ecology symbols."
 
 
 15
 After a hearing, the court issued an injunction prohibiting the defendants from "threatening, harassing, intimidating, discouraging, punishing, discriminating against or disciplining plaintiffs and the members of the class to which they belong for displaying, creating, or wearing of commonly used peace and ecology symbols until further order of this court."
 
 
 16
 The appellants contend that the issuance of the preliminary injunction and the denial of the motion to dismiss were an abuse of the court's discretion. We agree.
 
 
 17
 Although the federal courts stand ready to assure school students of full constitutional protection whenever the need arises, the record does not reveal that injunctive relief is necessary or proper in this case. While the first memorandum might conceivably be construed as a cryptic instruction to the principals to use the power of their office to inhibit a mode of expression, the subsequent memorandum eschewed such an interpretation. On the record before us, no policy of curtailing student expression has ever been implemented, and none is threatened.
 
 
 18
 Accordingly, the district court acted prematurely in granting an injunction. It is ordered that the injunction be dissolved and the action dismissed.
 
 
 19
 Reversed.
 
 
 
 *
 Honorable Jesse W. Curtis, United States District Judge, Central District of California, sitting by designation