Larrance HAND, Plaintiff,

v.

Bonnie BRIGGS and Wilma Snyder, Correctional Officers, Defendants.

No. C–73–479.

United States District Court,
N. D. California.

June 28, 1973.

Larrance Hand, in pro per.

William D. Stein, Deputy Atty. Gen., San Francisco, Cal., for defendants.

## OPINION AND ORDER

SCHNACKE, District Judge.

This action arises from the recent employment of women as guards ("correctional officers") at San Quentin Penitentiary. Two of such women are named as defendants, against whom plaintiff claims injunctive relief and damages of $1.99.

Plaintiff claims that defendants "are in a position" to watch him bathe and carry out several biological functions normally performed in private, or at least out of the presence of women. He also asserts that defendant Snyder bears a strong physical resemblance to his wife, with whom he had a normal marital relationship prior to his imprisonment, and that Snyder's presence accordingly disturbs him by reminding him of his inability to continue his marital activities with his wife.

As a result of these problems, created by defendants' presence, he claims that he is being subjected to cruel and unusual punishment.

Defendants have moved to dismiss, generally for failure to state a claim upon which relief can be granted and because plaintiff's claims are frivolous and specifically for the failure to join as a defendant R. K. Procunier, Director of the California Department of Corrections and therefore defendants' employer, without whose presence the injunctive relief sought cannot be obtained.

Apart from stressing the limitations on privacy and the like inherent in prison life, defendants assert that they cannot lawfully be refused employment as prison guards without violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and following, although the cases cited for this proposition deal with entirely different situations, and we are referred to no authoritiy applicable in the present situation.

However, we need not decide this question, since the complaint is defective otherwise. It contains no direct allegation that either of defendants has invaded such privacy as plaintiff may be entitled to, only that they are "in a position" to do so. Also, Procunier, while perhaps not "indispensable", appears clearly one who sought to be a party "if complete relief is to be accorded between those already parties". Federal Civil Rule 19(b).

Since no claim for money damages is in any way requisite to the bringing of this action, the claim of such damages in the amount of $1.99 can only be regarded as frivolous. Likewise, it is difficult to take seriously as a genuine grievance plaintiff's claim that he is attracted to defendant Snyder because she resembles his wife. The same logic would apply to the admittance of female visitors to prisons, the showing of motion picture films and television shows and other aspects of prison life.

For the above reasons, the motion to dismiss is granted, and plaintiff is granted thirty days from the date of this order to amend if he sees fit to do so.