**MUNTERS CORPORATION,**
**Plaintiff-Appellee,**

v.

**BURGESS INDUSTRIES**
**INCORPORATED,**
**Defendant-Appellee,**

and

**Buffalo Forge Company,**
**Defendant-Appellant.**

**No. 1073, Docket 76–7082.**

United States Court of Appeals,
Second Circuit.

Argued May 14, 1976.

Decided June 2, 1976.

Joseph Burns, New York City (Burns, Van Kirk, Greene & Kafer, Martin J. Neville, New York City, of counsel), and McGrath, Meyer, Lieberman & Lipp, Buffalo, N. Y., on the brief, for Buffalo Forge Co.

John C. Vassil, Morgan, Finnegan, Pine, Foley & Lee, New York City, and James A. Knox and George W. Fazakerly, Vial, Ham-

ilton, Koch, Tubb, Knox & Stradley, Dallas, Tex., on the brief, for Burgess Industries, Inc.

Before SMITH, MANSFIELD and VAN GRAAFEILAND, Circuit Judges.

PER CURIAM:

Munters, licensee of patents[1] on a filling material used in cooling equipment, granted an exclusive sub-license to Buffalo Forge, designer and manufacturer of evaporative coolers, for use of the fill in evaporative coolers of gas turbines of stated capacities. Burgess, manufacturer of complete cooling systems including evaporative coolers, a purchaser of the fill from Munters for other uses, sought to use the fill in applications similar to that of Buffalo Forge, and threatened antitrust litigation. In a declaratory judgment action by Munters against Buffalo Forge and Burgess, Burgess sought and obtained a preliminary injunction in the United States District Court for the Southern District of New York, Charles H. Tenney, *Judge,* permitting its proposed use of the fill *pendente lite* on posting of a $25,000 bond. Buffalo Forge appeals. We find error in the grant of injunctive relief at this stage on the showing made here and reverse for vacation of the injunction.

The injunction issued on a finding that the questions raised are serious enough to present fair ground for litigation and that the balance of the equities tipped decidedly in favor of preliminary relief for Burgess since denial would likely cause long-lasting harm to Burgess' good will which would outweigh possible harm to Munters or Buffalo Forge.[2]

With the first proposition, fair ground for litigation, there is no real quarrel. The scope of the patent monopoly and its relation to antitrust principles clearly pose serious questions.[3]

 We fail to find in this record, however, substantial support for the court's conclusion that the balance of the equities tipped decidedly in favor of Burgess.[4]

The Munters fill is apparently looked upon by industry as an improvement over other types of fill at present widely used in similar installations. Burgess, which knew of the exclusive license long before it entered into the contracts, has accepted orders from four customers for complete cooling systems for gas turbines incorporating evaporative air coolers designed to use the Munters fill, at a total price of some $230,-000. Additional orders might be expected over a period of some months. Inability to complete the orders using Munters fill without purchasing and incorporating Buffalo Forge air coolers would cause a loss of some profits, but there is no reason to believe

---

1. Munters is the licensee of the following United States Patents:

| Patent No. | Issue Date |
| --- | --- |
| 3,262,682 | July 26, 1966 |
| 3,265,550 | August 9, 1966 |
| 3,395,900 | August 6, 1968 |
| 3,395,903 | August 6, 1968 |
| 3,450,393 | June 17, 1969 |
| 3,526,393 | September 1, 1970 |
| 3,574,032 | April 6, 1971 |
| 3,599,943 | August 17, 1971 |

2. For the standards to be applied, see *Triebwasser & Katz v. American Telephone & Telegraph Co.,* 535 F.2d 1356 (2d Cir. 1976); *San Filippo v. United Brotherhood of Carpenters & Joiners,* 525 F.2d 508, 511 (2d Cir. 1975); *Columbia Pictures Industries, Inc. v. American Broadcasting Companies, Inc.,* 501 F.2d 894, 897 (2d Cir. 1974); *Dino DeLaurentiis Cinematografica S.p.A. v. D–150, Inc.,* 366 F.2d 373 (2d Cir. 1966).

3. The parties rely respectively on the lines of cases stemming from *United States v. Univis Lens Co.,* 316 U.S. 241, 62 S.Ct. 1088, 86 L.Ed. 1408 (1942) and *General Talking Pictures Corp. v. Western Electric Co.,* 304 U.S. 175, 58 S.Ct. 849, 82 L.Ed. 1273, *aff'd on rehearing,* 305 U.S. 124, 59 S.Ct. 116, 83 L.Ed. 81 (1938). See also the numerous articles on field of use restrictions cited in the opinion of Judge Tenney.

4. Since the ruling below was solely on the pleadings, affidavits and depositions now before us, not involving the assessment of the credibility of witnesses before the trier, we may review the issue free from the usual "clearly erroneous" restriction. *San Filippo v. United Brotherhood of Carpenters & Joiners, supra* n. 2; *Dopp v. Franklin National Bank,* 461 F.2d 873, 879 (2d Cir. 1972).

that Buffalo Forge or Munters could not respond in damages if Burgess succeeds in the action on the merits. Moreover, the injunction will cause a loss of possible business and good will to Buffalo Forge, which invested some $128,000 in development of this use for the fill in cooperation with Munters, and which under the injunction loses the opportunity to offer its equipment to the four purchasers and other prospective users, including Burgess, during a substantial portion of the period for which it is licensed. Buffalo Forge is particularly vulnerable to Burgess' competition since under its contract with Munters renewals of its short-term exclusive sub-license are dependent on a rising scale of purchase of the patented fill for the restricted use. We fail to see in this situation any balance of the equities in favor of Burgess, let alone a decided tilt.

Reversed and remanded for vacation of the preliminary injunction.