James T. JOHNSON, Appellant,

v.

Bob BERGLAND, Secretary of Agriculture; Gordon Cavanaugh, Administrator, Farmers Home Administration; and United States of America, Appellees.

No. 78-1021.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 2, 1978.

Decided Nov. 17, 1978.

K. K. Hall, Circuit Judge, filed a dissenting opinion.

Joseph W. Dean, Raleigh, N. C., for appellant.

Bruce H. Johnson, Asst. U. S. Atty., Raleigh, N. C. (George M. Anderson, U. S. Atty., Raleigh, N. C., on brief), for appellees.

Before BUTZNER and HALL, Circuit Judges, and WALTER E. HOFFMAN, Senior District Judge, sitting by designation.

BUTZNER, Circuit Judge:

James T. Johnson appeals from the district court's denial of a preliminary injunction. We reverse.

Johnson, a Republican, was the State Director for North Carolina of the federal Farmers Home Administration. The Democratic administration which came into office in 1977 removed Johnson from this position and transferred him to the specially-created post of Program Assistant. Program Assistants have the same salary and rank in the General Schedule as State Directors, but Johnson claims that they have lesser responsibilities and prestige. While pursuing administrative remedies, Johnson brought suit alleging that his removal from the State Director position was for partisan political purposes, that he was not a policy-making official, and therefore that his first and fifth amendment rights had been violated. *See Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). He sought a preliminary injunction reinstating him as State Director. The district court

denied this request, finding that the state directorship was a policymaking position and therefore that Johnson was not entitled to *Elrod* protection.*

■ The standard for entry of interlocutory injunctive relief by a district court is the balance-of-hardship test. *See Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 196 (4th Cir. 1977). The court may properly consider probability of success on the merits and should always take the public interest into account. However, the most important factors "are those of probable irreparable injury to plaintiff without a decree and of likely harm to the defendant with a decree. If that balance is struck in favor of plaintiff, it is enough that grave or serious questions are presented; and plaintiff need not show a likelihood of success." 550 F.2d at 196.

The government argues that since the district court made a preliminary finding of fact that the State Director and Program Assistant positions were comparable, Johnson cannot show irreparable harm or prevail on the merits.

■ If the state directorship is not a policymaking position and Johnson's transfer was for political reasons, the fact that he was relocated in a distant state shortly after being placed in the Program Assistant position would suffice to establish an infringement of his first amendment rights. Violations of first amendment rights constitute per se irreparable injury. *Elrod v. Burns, supra,* 427 U.S. at 373, 96 S.Ct. 2673. Moreover, without the injunction, the government would be free to name a successor to Johnson as State Director for North Carolina, and Johnson would have no means of being reinstated if he should prevail at trial. The harm to the defendants is insubstantial. There is no suggestion that Johnson's job performance has been unsatisfactory. There is no evidence of prejudice to the government. Harm to the dominant political party, without more, does not constitute harm to the government. *See Elrod*

*v. Burns, supra,* 427 U.S. at 362, 96 S.Ct. 2673. The balance-of-hardship test therefore favors Johnson.

■ Johnson has also presented evidence that he is a "nonpolicymaking, nonconfidential government employee." *See Elrod v. Burns, supra,* 427 U.S. at 367–68, 375, 96 S.Ct. 2673. He submitted numerous administrative regulations and affidavits of former Agriculture officials in support of his argument that a State Director's discretion in making loans is strictly limited and that all policy determinations for the Farmers Home Administration are made by his superiors. The position of State Director is classified "Schedule A" by the Civil Service Commission. "Schedule A" positions are defined as ones "other than those of a confidential or policy-determining character." 5 C.F.R. § 6.2 (1978). Johnson also submitted a letter written by the current Secretary of Agriculture, stating that State Directors of the Farmers Home Administration should be kept in Schedule A because they are "responsible for managing a business type operation." This evidence, coupled with Johnson's claims that his work is satisfactory and that he was dismissed solely because of his political beliefs, raises genuine issues of material fact. The second principal requirement of *Blackwelder* is therefore satisfied. The same evidence suffices to preclude summary judgment. In *American Fidelity and Casualty Co. v. London and Edinburgh Insurance Co.*, 354 F.2d 214, 216 (4th Cir. 1965), we said:

> In order to grant a motion for summary judgment it must be shown "that there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). Not merely must the historic facts be free of controversy but also there must be no controversy as to the inferences to be drawn from them. It is often the case that although the basic facts are not in dispute, the parties nevertheless disagree as to the inferences which may properly be drawn. Under such circumstances the case is not one to be decided on a motion for summary judgment.

---

* In an order granting a temporary injunction pending appeal, we directed Johnson to exhaust his administrative remedies. He has now complied with this requirement.

Accordingly, we reverse the district court's denial of a preliminary injunction and remand the case for the grant of such relief and for trial. In doing so, we express no opinion as to the outcome of the case.

K. K. HALL, Circuit Judge, dissenting:

I must respectfully dissent, because I do not think that Johnson has demonstrated probable irreparable injury in the absence of injunctive relief. The injury to Johnson, found not to be an "adverse action" by the Federal Employee Appeals Authority, is his transfer from a position in North Carolina to one in Mississippi of equal rank and pay. I do not think that this transfer, standing alone, constitutes irreparable harm, however displeasing it may be to Mr. Johnson.

The majority ostensibly utilizes the analysis of *Blackwelder Furniture Co. v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977) in determining the propriety of injunctive relief, finding that the threatened injury to Johnson is so serious that he is entitled to relief on the mere showing that there is a substantial legal issue to be litigated. But the majority in effect presupposes success on this central legal issue— "[*i*]f the state directorship is not a policymaking position" —to determine that Johnson's transfer would *then* be "an infringement of his first amendment rights," and declares that this infringement is the irreparable injury. Such bootstrap logic eviscerates the two-part test of *Blackwelder*. Furthermore, the majority's reliance on *Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) is misplaced; there the infringement of first amendment rights was direct and immediate,[1] not indirect and speculative.

Therefore, unless this court is willing to hold that a job transfer to Mississippi is an injury of constitutional magnitude, a proposition which might startle the citizens of that state, then we cannot avoid a harder look at the merits of the case. The evidence is undisputed that Johnson, in his capacity as state director of the FmHA,

supervised 288 employees and was responsible for the implementation of the national policy of the FmHA within the State of North Carolina. To suggest that his was not a policymaking position because it was classified as "Schedule A" by the Civil Service Commission—a classification shared by special advisors in the office of the Secretary of Defense, the executive secretary to the U.S.-U.S.S.R. SALT Committee, and staff personnel on the National Security Council—defies common sense and extends *Elrod v. Burns* far beyond the scope of that opinion.

I find the district court's analysis of this issue cogent and persuasive, and I would affirm on the basis of the district court's opinion.

---

1. The plaintiffs in *Elrod* were forced to switch their political allegiance to or contribute money to the political party in power; the threatened

consequence for non-compliance was dismissal from their jobs.