899 F.2d 1223
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bruce B. WESSELMAN, Plaintiff-Appellant,
v.
Billy ASHLEY, et al., Defendants-Appellees.
 No. 89-5520.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1990.
 
 Before KEITH and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Bruce B. Wesselman appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 action.
 
 I.
 
 2
 Wesselman, an inmate, was administratively transferred from the Western Kentucky Farm Center to the Kentucky State Penitentiary on March 4, 1988. Appellant alleges that his transfer was initiated by the appellees to prevent him from asserting his legal rights, and the rights of others, at the Western Kentucky Farm Center. Specifically, Wesselman argues that he has been subjected to direct and intentional retaliation for having exercised his constitutional right of expression.
 
 
 3
 Appellees, however, argue that Wesselman was transferred because he "failed to adjust to minimum custody in that he prefers to choose his work assignments rather than follow orders. He has possibly instigated discontent with the present inmate legal staff hoping to replace one of the current members, and he has become a threat to the security of this institution." The appellees concluded: "A transfer to a more secure institution is recommended." Appellant, however, responded that his cervical arthritis, not a poor attitude, limited his work assignments. Appellant argues that the appellees' retaliation was further precipitated by appellant's administrative appeal following the appellees' decision to deny Wesselman an appointment as an institutional legal aide.
 
 
 4
 Appellant submitted several affidavits from inmates at the Western Kentucky Farm Center who stated that Wesselman assisted numerous inmates with their legal work, that he never exchanged harsh words with other inmates or prison officials, and that, in their opinions, appellant was transferred due to his rendering legal assistance to other inmates. Wesselman seeks declaratory and injunctive relief, an expungement from prison records of any derogatory references to his conduct or character, compensatory and punitive damages.
 
 
 5
 The district court, citing Harris v. Johnson, 784 F.2d 222 (6th Cir.1986), dismissed Wesselman's action as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Appellant timely filed a notice of appeal.
 
 II.
 
 6
 The Supreme Court has "unequivocally admonished that even minimal infringement upon first amendment values constitutes irreparable injury sufficient to justify injunctive relief." Newsom v. Norris, 888 F.2d 371, 378 (6th Cir.1989). "The loss of first amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347, 373 (1976) (plurality opinion of Brennan, J.). Furthermore, an individual who has been subjected to direct and intentional retaliation for having exercised his protected constitutional right of expression continues to suffer irreparable injury even after termination of some tangible benefit. Newsom v. Norris, 888 F.2d at 378. See Johnson v. Bergland, 586 F.2d 993 (4th Cir.1978) ("[v]iolations of first amendment rights constitute per se irreparable injury.") One reason for such stringent protection of first amendment rights is the intangible nature of the benefits flowing from the exercise of those rights, and the fear that, if these rights are not jealously safeguarded, persons will be deterred, even if imperceptibly, from exercising those rights in the future. See Mt. Healthy City School Dist. v. Doyle, 429 U.S. 274, 283-87 (1977).
 
 
 7
 In Cale v. Johnson, 861 F.2d 943 (6th Cir.1988), this court observed that the "egregious abuse of governmental power," in the form of retaliation by prison officials against a prisoner for exercising his first amendment right to complain about inadequate prison policies, was sufficient to state a claim for deprivation of first amendment rights in violation of 42 U.S.C. Sec. 1983. Id. at 950-51. This court recently stated:
 
 
 8
 Prison officials may not retaliate against an inmate for exercising a constitutionally protected right. Since prisoners retain some first amendment rights, a claim that prison officials retaliated for the exercise of a personal first amendment right states a claim.
 
 
 9
 Newsom v. Norris, 888 F.2d at 377 (quoting Adams v. James, 784 F.2d 1077, 1082 (11th Cir.1986)). See also Franco v. Kelly, 854 F.2d 584 (2d Cir.1988) (plaintiff stated a cause of action under Sec. 1983 against state prison officials who acted in retaliation for the prisoner's exercise of constitutional rights); Burton v. Livingston, 791 F.2d 97 (8th Cir.1986) (death threat made by a prison guard in retaliation for prisoner's attempt to exercise first amendment right of access to federal courts stated a cause of action under Sec. 1983); Bridges v. Russell, 757 F.2d 1155 (11th Cir.1985) (claim that prison officials transferred a prisoner to another prison in retaliation for the prisoner's exercise of his first amendment right to free speech stated a cause of action under Sec. 1983).
 
 
 10
 In the instant action, disputed factual issues stem from appellant's contention that he was transferred from the Western Kentucky Farm Center to the Kentucky State Penitentiary in retaliation for his legal activities. Because a prison official's retaliatory state of mind is seldom susceptible to direct evidence that can be averred in a complaint, see McDonald v. Hall, 610 F.2d 16, 18 (1st Cir.1979), claims involving a prison official's intent seldom lend themselves to summary disposition. See Bridges v. Russell, 757 F.2d 1155 (11th Cir.1985).
 
 
 11
 Wesselman argues that his transfer was instituted solely as retaliation for his legal activities against the appellees, noting that no incident reports were issued to him at the Western Kentucky Farm Center. Appellees, attempting to counter appellant's assertion, argue that Wesselman failed to adjust to the facility, that he would not follow orders, and that he had generally become a threat to the security of the institution.
 
 
 12
 Though inmates have no constitutional right to be incarcerated in any particular state institution, see Olim v. Wakinekona, 461 U.S. 238 (1983), a transfer in retaliation for a prisoner's exercise of his constitutional right of access to the courts is impermissible. After considering the appellant's claim that he was transferred to a higher-level security prison in retaliation for his first amendment activities, this court finds the basic facts of this case to be in dispute. Appellant has alleged sufficient facts to prevent dismissal of his complaint for failure to state a cause of action under 42 U.S.C. Sec. 1983. Due to the appellant's substantial interest in the exercise of his first amendment rights, the district court's dismissal was improper. The district court's order is therefore VACATED, and this action is REMANDED to the district court for an evidentiary hearing on appellant's prohibitive injunction request.[1]
 
 
 
 [1]
 When a district court renders its decision without an evidentiary hearing, an appellate court is not limited to reviewing the district court's exercise of discretion. In the absence of a district court assessment of the credibility of witnesses, an appellate court is as well equipped as a district court to evaluate the parties' pleadings, affidavits and depositions. Forts v. Ward, 566 F.2d 849, 852 n. 8 (2d Cir.1977); see also SEC v. Coffey, 493 F.2d 1304, 1311 (6th Cir.1974), cert. denied, 420 U.S. 908 (1975)